*996 The opinion of the court was delivered by
Fenner, J.
The first bill is taken to the ruling of the court in admitting the testimony of the sheriff and his deputy to show why service of the subpoenas had not been made upon certain absent witnesses, the ground of objection being that the returns on the subpoenas were the best evidence, and the-testimony was irrelevant. The evidence was relevant, being offered, as the proceedings show, to lay the foundation for the introduction of the testimony of the absent witnesses taken on the preliminary examination. We can conceive of no better evidence to show what efforts had been made to summon the witnesses, why service has not been made, than that of the officers who were charged with the duty of serving the subpoenas.
The second bill is to the admission of the written evidence of the-same two witnesses taken on the preliminary examination, on the ground that the proper foundation had not been laid.
The testimony of the sheriff and his deputy had shown that the subpoenas had not been served for the reason that they could not be found in the parish, and that they learned that one of them, Williams, was in the adjoining parish, and that the other, Dorsey, had gone to Natchez, Miss. Conceding that the absence of the witness Williams in an adjoining parish was not sufficient ground for the introduction of his testimony taken on the preliminary examination, under our decision in State vs. Hague, 41. An. 1070, the error is robbed of all significance by the judge’s statement that his testimony was not offered and did not go to the jury. Counsel contends that the subsequent action of the District Attorney in failing to avail himself of the erroneous ruling of the judge by offering the testimony, does not cure the error. That may be true; but we do not sit here to pass upon abstract questions. An erroneous ruling, which has not been acted upon, and has in no manner injured or prejudiced the rights of a party, is matter of entire inconsequence and’ furnishes no ground for relief. i
The foundation for admitting the testimony of the other witness was sufficient under our ruling in Condier’s case, 36 An. 291, where we held, as announced in the syllabus: “Where a witness can not be found, and the search and inquisition for him lead the officer to the conclusion that he has left the State, the deposition on the preliminary trial was properly admitted.”
The third bill has no merit, and is not pressed by counsel.
*997 The fourth bill was taken to the exclusion of questions by counsel for accused on cross-examination of a State witness. The witness had stated on his examination in chief that he was present in the cabin at the time of the homicide, but did not see the shooting; and on cross-examination he was asked, “ What was said at the time of the killing by the people who were present? Did they say that the accused was attacked with a knife at the time he fired?” The questions were objected to and ruled out. Counsel contends that the evidence sought was admissible as part of the res gestee.
The rule of law is well settled that, while the acts and sayings of participants in the transaction at the time of the homicide form part of the res gestee, and, as such, may be proved by third persons, the comments and criticisms of mere observers can not be so proved, but such persons must be themselves called and examined. Wharton Cr. Ev., Sec. 262; Roscoe’s Cr. Ev., p. 23; 1 Bishop Cr. Ev., Sec. 1087; State vs. Oliver, 39 An. 470; State vs. Moore, 38 An. 66.
As said by Mr. Wharton, “the question is, is the evidence offered that of the event speaking through participants, or that of observers speaking about the event? In the first case what was said can be introduced without calling those who said it; in the second case they must be called.”
The questions here clearly seek .to elicit a statement of the comments and criticisms of mere observers, and they were properly excluded.
Judgment affirmed.